24 237
46 396

No. 3906.—SUCCESSION OF CHARLES MASSIEU—Opposition of MRS. E. LEBLANC.

An exception to the authority of an attorney to bring a suit should not be sustained, if the evidence offered on the trial leaves it in doubt as to whether the attorney was prosecuting the suit without the sanction of his client, because in all cases of doubt the authority of the attorney is presumed. In this case the authority of the attorney to bring the suit was shown. But exception being taken to his authority to prosecute the suit, application was made to the court for a continuance to enable the attorney to procure the testimony of the client, a non-resident, on the point. The court refused the continuance on the ground that a telegram had been shown, purporting to be from the client, showing a change of mind.

Held—That the continuance should have been granted, because the telegram, if true, did not make it certain that the client had changed her mind about the suit.

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud*, J. *E. Bermudez* and *J. Culbertson*, for executors, appellees. *G. Schmidt*, for appellant.

LUDELING, C. J. Charles Massieu died in the City of New Orleans on or about the third of November, 1871, and on the thirteenth of December, 1871, his executors, DeFerriet & Monrose, filed their final account and tableau of distribution. Whereupon Mrs. LeBlanc filed a petition, alleging that she had a claim against the estate for ten thousand dollars, based on the following disposition *mortis causa:*

"Good for ten thousand dollars, payable to Miss Ernestine L. Chauveau, after my death, value received.

"New Orleans, September 26, 1842.

"C. MASSIEU."

She prayed that her claim should be recognized as valid, and that her opposition to the tableau of distribution should be sustained.

The executors filed an exception to this suit, on the ground that the attorney who instituted it acted without authority. Before the trial of the exception, the attorney who instituted the suit made an affidavit for a continuance to procure the testimony of his client, who resides in France. He swears that he expects to prove by her that she did authorize and employ him to bring this suit. The continuance was refused on the ground that it was unnecessary, inasmuch as the judge was satisfied from a telegraphic dispatch which purported to come from her, that she had revoked her authority. The dispatch is in the following words:

"Voulant pas entamer proces, renvoie le billet Massieu.

"LEBLANC."

It was addressed to Madame Francis, care of Dieter Gladstein, New Orleans, and it is dated December 30. Mrs. Francis says she is not certain that the telegram came from Mrs. LeBlanc. The letters from LeBlanc to Mrs. Francis and G. Schmidt, the attorney who instituted the suit, clearly prove that she authorized him to institute the proceedings, on condition that she should not be called upon for any

expenses unless she succeeded in her suit. We think, under the circumstances, that the continuance should have been granted.

Aside from the proof in the record, the authority of the attorney will be presumed. 9 M. 88; 10 M. 639; 12 R. 95; 3 An. 558; 5 An. 118; 10 An. 66.

We do not regard the dispatch received by Mrs. Francis as proof of a revocation of the authority to the attorney to prosecute the suit. He had received no instructions on the subject from his client, and it is probable that she may have sent the dispatch under a misapprehension of the facts. It is certain that her wishes, as expressed in her letters, are in direct conflict with those expressed in the dispatch, as interpreted by the judge *a quo*, and we will not easily believe that she wantonly violated her contract with her attorney.

It is therefore ordered and adjudged that the judgment of the district court be annulled, and that there be judgment overruling the exception and remanding the cause to be proceeded with according to law. It is further ordered that the costs of appeal be paid by the succession.